UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHERRY ALSTON

VERSUS

EVEREST NATIONAL INSURANCE
COMPANY, WILLIAM MORRIS, AND
WILLARD EQUIPMENT

CIVIL ACTION

NO. 16-283-JWD-EWD

### RULING AND ORDER ON MOTION TO COMPEL

Before the court is a Motion to Compel Plaintiff to Provide Overdue Discovery and a Date for Her Deposition and for Extension of Expert and Discovery Deadlines (the "Motion to Compel")[1] filed by defendants, Everest National Insurance Company, Willard Equipment Company, and William Morris (collectively, "Defendants"). The Motion to Compel was filed on October 11, 2016, and a supplemental memorandum in support of the Motion to Compel was filed on October 27, 2016.[2] Plaintiff, Sherry Alston ("Plaintiff"), has not filed an opposition.[3]

By their Motion to Compel, Defendants move this court to: (1) issue an order compelling Plaintiff to respond to Defendants' Interrogatories and Requests for Production and provide dates for her deposition; (2) extend the current deadlines for expert disclosure and reports and the discovery deadline; and (3) award Defendants their costs and attorneys' fees incurred in attempting to obtain Plaintiff's discovery responses and deposition availability, including the costs of preparing and filing the Motion to Compel.

On November 21, 2016, Defendants filed a Second Supplemental Memorandum in Support of Motion to Compel Overdue Discovery and Extension of Expert and Discovery Deadlines (the

---

[1] R. Doc. 8.

[2] R. Docs. 8 & 11.

[3] Any opposition to the Motion to Compel was required to be filed within 21 days after service of the motion. Local Rule 7.1. The court therefore considers the Motion to Compel to be unopposed.

1

"Second Supplemental Memorandum").[4]  Therein, Defendants state that they have "received the plaintiff's answers and responses to their Interrogatories and Request for Production of Documents" and therefore the "aspect of the Motion to Compel regarding the defendants' need for the plaintiff's answers and responses to defendants' Interrogatories and Request for Production can be denied as moot."[5]  However, Defendants assert that they are "still in need of an extension of their deadlines for expert reports and to complete discovery, all as was more fully set forth in [their] Memorandum in Support of defendants' Motion to Compel."[6]

For the reasons set forth herein, the Motion to Compel[7] is **GRANTED IN PART** and **DENIED IN PART AS MOOT**.

I.     Background

On March 23, 2016, Plaintiff filed a Petition for Damages in Louisiana state court asserting that Defendants are liable for damages, injuries, and losses sustained by Plaintiff as the result of a March 23, 2015 vehicular accident.[8]  Plaintiff asserts that she suffered, *inter alia*, back, neck, and head injuries and seeks damages for pain and suffering, medical expenses, loss of income and impairment of earning capacity, and loss of enjoyment of life.[9]

---

[4] R. Doc. 13.

[5] R. Doc. 13, pp. 1-2.

[6] R. Doc. 13.  Defendants do not address whether they still seek to compel Plaintiff to provide dates for her deposition, and the court assumes that Plaintiff has since provided the requested dates in conjunction with her responses to Defendants' written discovery requests.  Moreover, this court has recently explained that it "will not order Plaintiff to attend and/or provide dates of availability for a deposition in the absence of a properly issued Notice of Deposition as detailed by Rule 30(b)(1)." *Byrd v. Castlepoint Florida Ins. Co.*, 2016 WL 1559584, at * 2 (M.D. La. April 18, 2016) (citing *Dang ex rel. Dang v. Eslinger*, 2014 WL 3611324, at *1 (M.D. Fla. July 22, 2014) (denying motion to compel deposition of plaintiff where defendants admitted they had not served a Rule 30(b) notice of deposition on plaintiff) (citing cases); *Home Design Servs., Inc. v. Collard Properties, LLC*, 2012 WL 1801946, at *2 (D. Colo. May 17, 2012) (denying motion to compel as premature insofar as it sought an order compelling depositions where no notices of depositions were served); Fed. R. Civ. P. 37(d)(1)(A)(i) (authorizing court to order sanctions where a party "fails, after being served with proper notice, to appear for the person's deposition").

[7] R. Doc. 8.

[8] R. Doc. 1-1.

[9] R. Doc. 1-1, ¶¶ 10 & 11.

Defendants assert that they propounded Interrogatories and Requests for Production on Plaintiff on July 6, 2016,[10] and that Plaintiff had not provided any answers or responses to Defendants' written discovery requests as of at least October 27, 2016.[11]

## II. Law and Analysis

### A. Plaintiff's Responses to Written Discovery

A party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests.  Fed. R. Civ. P. 33 and 34.  A shorter or longer time may be directed by court order or agreed to in writing by the parties.  *Id*.  A party seeking discovery may move for an order compelling answers to interrogatories and production of requested documents if a party fails to provide answers or responses.  Fed. R. Civ. P. 37(a)(3)(B).  Here, although Plaintiff failed to timely respond to Defendants' written discovery requests, it appears that Plaintiff has subsequently provided responses.  As stated by Defendants, "[t]hat aspect of the Motion regarding the defendants' need for the plaintiff's answers and responses to defendant's Interrogatories and Request for Production of Documents can be denied as moot."[12]  Accordingly, the court DENIES AS MOOT Defendants' Motion to Compel Plaintiff's responses to Interrogatories and Requests for Production.

---

[10] *See*, R. Doc. 8-2.

[11] R. Doc. 8-1, p. 2.  In Defendants' Memorandum in Support of the Motion to Compel, Defendants additionally explain that "one hour before filing of [the Motion to Compel] the paralegal for undersigned counsel received a telephone call from plaintiffs' counsel's office stating that the discovery responses would be provided by…Friday, October 14, 2016."  R. Doc. 8-1, pp. 2-3, n. 4.  However, in Defendants' October 27, 2016 Supplemental Memorandum in Support of the Motion to Compel, Defendants assert that despite this representation, "still no discovery responses have been provided."  R. Doc. 11, p. 1.

[12] R. Doc. 13, p. 2.

### B. Fees and Expenses

Under Rule 37(a)(5)(C), if a motion to compel discovery is granted in part and denied in part, a court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.  As noted above, Plaintiff had an opportunity to be heard but failed to file an opposition to the Motion to Compel.  Although Plaintiff failed to timely provide responses to Defendants' written discovery, said responses have since been provided.  Further, Defendants do not renew their request for fees and expenses in their Second Supplemental Memorandum, and instead assert that the aspect of the Motion to Compel regarding Defendants' need for Plaintiff's written discovery responses can be denied as moot.  Under these circumstances, the court will not award costs and fees at this time.  However, Plaintiff is warned that additional failures to respond to discovery may result in sanctions and/or the awarding of attorney fees.  *See*, *Colsan v. Cincinnati Ins. Co.*, 2013 WL 6531917, at * 3 (M.D. La. Dec. 12, 2013).

### C. Extension of Current Deadlines

Fed. R. Civ. P. 16(b)(4), provides that a scheduling order "may be modified for good cause and with the judge's consent."  The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extensions." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  Likewise, the Scheduling Order in this case informed the parties that "[a]ll motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed. R. Civ. P.  Extensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the

parties' efforts to compete the remaining discovery, and any additional information showing that the parties have diligently pursued their discovery."[13]

"'What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case." *Iturralde v. Shaw Group, Inc.*, 20120WL 1565356, at * 1 (M.D. La. May 1, 2012). In evaluating the good cause requirement, the Fifth Circuit has instructed courts to consider four factors when determining whether to allow a scheduling modification: (1) the explanation for failure to complete discovery on time; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Leza v. City of Laredo*, 496 Fed. Appx. 375, 377 (5th Cir. 2012) (*citing Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Here, Defendants request an extension of the expert disclosure and report deadlines as well as the discovery deadline. Defendants do not suggest specific dates to which these deadlines should be extended. Per the current Scheduling Order, all discovery motions must be filed and all discovery (except expert discovery) must be completed by December 15, 2016.[14] The Order further requires Plaintiff to disclose the identities and resumes of her experts by October 3, 2016 and like disclosures by Defendants by November 1, 2016.[15] Plaintiff's expert reports are due on November 1, 2016, and Defendants' are due December 1, 2016.[16] A three-day jury trial is scheduled to begin on October 2, 2017, and a pre-trial conference is set for July 20, 2017.[17]

---

[13] R. Doc. 7.

[14] R. Doc. 7.

[15] R. Doc. 7.

[16] R. Doc. 7.

[17] R. Doc. 7.

In their Motion to Compel, Defendants argue that "until [they] can get discovery responses from the plaintiff and take the plaintiff's deposition, they cannot determine what experts may be needed in connection with this matter."[18] Defendants further argue that because they have not been provided with any medical records or signed authorizations "the defendants have been completely stonewalled in their efforts to develop the information needed to respond to the serious allegations set forth [in] plaintiff's Complaint and perform the other necessary undertakings to retain and/or consult with experts and otherwise prepare this matter for trial."[19] As set forth above, it now appears that Plaintiff has responded to Defendants' discovery requests. Further, although the court is cognizant of the difficulties that will arise when a party fails to respond to discovery efforts, the court finds that despite these difficulties, Defendants should have been able to move forward with some preparation of their case in the time period before Plaintiff responded to written discovery. For example, correspondence attached to Defendants' Motion to Compel indicates that Plaintiff provided a letter on October 3, 2016 regarding Plaintiff's designated experts.[20] Based both on the allegations set forth in the Petition, as well as Plaintiff's expert designations, it seems to the court that Defendants' assertion that they have been "completely stonewalled" is hyperbolic. However, Plaintiff's failure to provide timely responses to written discovery weighs in favor of some modification of the current scheduling order. Moreover, in light of the fact that this case is in its early stages, and Plaintiff has not filed any opposition to the Motion to Compel (including Defendants' request to extend certain deadlines), the court finds that allowing some additional amount of time would not result in any prejudice.

---

[18] R. Doc. 8-1, p. 4.

[19] R. Doc. 8-1, pp. 4-5.

[20] R. Doc. 8-4.

Accordingly, the court GRANTS Defendants request for an extension of the expert disclosure and report deadlines and the discovery deadline.  In light of the July 20, 2017 pre-trial conference date and the October 2, 2017 trial date, the court RESETS the following deadlines: (1) deadline for disclosure of Defendants' experts' identities and resumes is reset to December 2, 2016; (2) deadline for submission of Defendants' experts' reports to Plaintiff is reset to December 19, 2016; (3) deadline to complete expert discovery is reset to February 17, 2017; and (4) deadline to file dispositive and *Daubert* motions is reset to April 17, 2017.  Any deadline not specifically addressed in this Ruling and Order will remain as set in the Scheduling Order.[21]

### III.    Conclusion

For the reasons set forth herein, Defendants' Motion to Compel[22] is **GRANTED IN PART** and **DENIED IN PART AS MOOT**.

The court **DENIES AS MOOT** Defendants' Motion to Compel Plaintiff's responses to Interrogatories and Requests for Production.

The court **DENIES** Defendants' request for reasonable attorneys' fees and costs.

The court **GRANTS** Defendants' request to extend certain deadlines.  The court **RESETS** the following deadlines: (1) deadline for disclosure of Defendants' experts' identities and resumes is reset to December 2, 2016; (2) deadline for submission of Defendants' experts' reports to Plaintiff is reset to December 19, 2016; (3) deadline to complete expert discovery is reset to February 17, 2017; and (4) deadline to file dispositive and *Daubert* motions is reset to April 17,

---

[21] R. Doc. 7.  Based on the correspondence attached to Defendants' Motion to Compel, it appears that Plaintiff complied with the deadline to disclose the identities and resumes of her experts. R. Doc. 8-4. The court assumes that Plaintiff also complied with the November 1, 2016 deadline for submitting Plaintiff's expert reports.

[22] R. Doc. 8.

2017.  Any deadline not addressed in this Ruling and Order will remain as set in the Scheduling Order.[23]  The court will issue a separate revised scheduling order.

    Signed in Baton Rouge, Louisiana, on November 23, 2016.

                                                **ERIN WILDER-DOOMES**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[23] R. Doc. 7.  Based on the correspondence attached to Defendants' Motion to Compel, it appears that Plaintiff complied with the deadline to disclose the identities and resumes of her experts.  R. Doc. 8-4.  The court assumes that Plaintiff also complied with the November 1, 2016 deadline for submitting Plaintiff's expert reports.

8